## PROBATE COURT

No. 394

### FRANK DAUER, IN RE

Probate Court, Tuscarawas County
March Term, 1925

333. CRIMINAL LAW—Violation of a municipal ordinance, prohibiting the possession of intoxicating liquors, punishable by a fine, is a criminal offense and not quasi criminal or civil.

LAMNECK, P. J.

Frank Dauer, the petitioner in this case, was arrested on a charge of possessing intoxicating liquors in violation of an ordinance of New Philadelphia. He pleaded guilty and was fined $1000 and cost, and for failure to pay was committed to the County jail until fine and costs should be paid or until released according to law. The judgment was in accordance with the city ordinance.

After having served 60 days Dauer made an application to the Commissioner of Insolvents, and a certificate of compliance was issued. Dauer in his petition prayed to be released because he had been imprisoned for more than 60 days and being insolvent cannot be further held under 11,150 and 11148 GC. Dauer argued that the act was not a criminal act, but quasi-criminal and the $1000 was merely a civil debt owing to New Philadelphia.

The Probate Court held:

1. The offense in this case was prosecuted in the name of the State and punishment meted out in its name. No judgment for a debt was rendered, as a civil action in favor of th ecity of New Philadelphia, which might be enforced by imprisonment, but a fine as a punishment for the offense committed.

2. The offense committed, was therefore in the category of a misdemeanor and Dauer is not entitled to be released as an insolvent owing a civil debt.

Attorneys:—H. I. N. Staffoffrffd for Dauer; Louis Welty, City Soli. and J. F. Patrick, Pros. Atty. for State; all of New Philadelphia.

---

## COMMON PLEAS

No. 395

### LOVELL & SWEENEY v. CINCINNATI
(City)

Common Pleas Court
Nos. 191094-93

874. ORDINANCES—Enacted for the purpose of controlling and regulating vehicular traffic in streets cannot be questioned, except where they are clearly in conflict with some express provision of the state or federal constitution.

HURLEY, J.

John Lovell was arrested and convicted in the Cincinnati Municipal Court for cruising in the congested district of the said city, soliciting passengers for his taxicab. Cal Sweeny was arrested and convicted in the same court for parking without the designated taxicab stand area at a depot in Cincinnati in violation of an ordinance. Both acts were in violation of ordinances of Cincinnati.

Error was prosecuted to the Hamilton Common Pleas in both cases, where it was contended that these sections of the traffic ordinance are uncertain, in definite discriminatory, unreasonable and unconstitutional. The court held:

1. Municipalities have full power to regulate or control the use of their own streets.

2. In such regulation a municiptlity may make any reasonable classification of vehicular traffic in the use of its streets.

3. Judgment of the legislative body as to the classifications cannot be questioned, except when it is in clear conflict with express provisions of the state or federal constitution.

4. Finding that the ordinances in question are for the protection and safety of the public, and are not uncertain, indefinite or dischiminatory, and that there has been no violation of the constitutional rights of Lovell and Sweeney, the judgment is affiffrmed in both cases.

Attorneys—D. T. Hackett, for Lovell and Sweeney; Saul Zienlonka, City Sol. and Joseph H. O'Connell, Municipal Court Pros., for City; all of Cincinnati.

---

## SUPERIOR COURT

No. 396

### SANTEN et v. U. S. SHOE CO.

Cincinnati Superior Court
No. 59064.    Decided Dec. 9, 1924

1085. SERVICE—Statute authorizing a valid personal judgment against a domestic corporation, based upon service by publication, is a constitutional enactment.

MARX, J.

The question in this case arises upon the motion of the United States Shoe Company to quash the service made upon it by publication by Santen. It seems that Santen advertised the case pending against the Company, publishing it for 6 consecutive weeks. The grounds upon which the company seeks to set aside this service by publication were:

1. That there is no authority at law for making such service by publication.

2. That said publication was not made in a newspaper printed in the County where petition was filed.